**Opinion filed December 17, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00136-CR

_____

## VICENTE HERNANDEZ, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. 07-1984**

### M E M O R A N D U M   O P I N I O N

After the trial court denied his written pretrial motion to suppress, appellant, Vicente Hernandez, entered a plea of guilty to the offense of driving while license suspended. The trial court assessed his sentence at confinement in the Ector County Jail for a term of three days and a fine of $500. We affirm.

*Background Facts*

During the early morning hours of April 25, 2007, Officer James Matthew Davidson of the Odessa Police Department was assigned to patrol the "north sector" of Odessa. While patrolling in the vicinity of the Sherwood Medical Center, Officer Davidson observed a vehicle occupied by appellant parked behind the building with its lights turned off. Officer Davidson made a U-turn in order to go back to the vehicle to check on it. While Officer Davidson made the U-turn, the vehicle

left from its parked position behind the building. Officer Davidson began following the vehicle. He subsequently stopped the vehicle.

Officer Davidson advised appellant that he pulled him over because he was "a suspicious person at a suspicious place." In this regard, Officer Davidson described the area around the center as a problem area because of graffiti, burglary, and criminal mischief. He testified that the area is frequently patrolled by police officers because of its history of problems. Officer Davidson stated that there are never any cars parked behind the center at that time of night. Officer Davidson additionally testified that he became more suspicious when appellant left from his parked position when the officer drove by him in a marked patrol unit. On cross-examination, Officer Davidson denied observing appellant committing any traffic violations.

*Standard of Review*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We use a bifurcated standard of review in analyzing the trial court's ruling. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). When a trial court's fact findings are based on an evaluation of witness credibility or demeanor, almost total deference is given to its factual determinations that are supported by the record. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). However, on mixed questions of law and fact that do not turn on the trial court's evaluation of witness credibility and demeanor, we conduct a de novo review. *Amador*, 221 S.W.3d at 673. When, as here, no findings of fact were requested or filed, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

*Analysis*

In a single issue, appellant argues that the trial court erred in denying his motion to suppress because the evidence of his guilt was obtained "as the result of an illegal arrest." We note at the outset that appellant is asserting that his arrest was illegal because Officer Davidson did not have a sufficient basis for initiating the traffic stop that led to his arrest. Accordingly, we direct our analysis to reviewing Officer Davidson's basis for stopping appellant's vehicle.

Under *Terry v. Ohio*, 392 U.S. 1 (1968), the police can stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry*, 392 U.S. at 30). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*. at 492. Because reasonable suspicion is an objective determination, the officer's motives for conducting the stop are irrelevant to the validity of the stop. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion is a legal question that we review de novo. *See Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

We begin our analysis by noting that there are Texas cases that have analyzed similar facts with differing results to determine if a police officer had sufficient grounds for initiating a traffic stop. For example, in *Tanner v. State*, 228 S.W.3d 852 (Tex. App.—Austin 2007, no pet.), the court of appeals affirmed the trial court's determination that an officer had reasonable suspicion for initiating a traffic stop of an individual walking away from the darkened area behind a business that had already closed for the night. In *Klare v. State*, 76 S.W.3d 68 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd), the court of appeals reversed the trial court's denial of a motion to suppress the results of a traffic stop initiated after an officer observed a vehicle parked behind a strip shopping center at 2:30 a.m.

Given the holding in *Klare* and its similarity to the facts in this appeal, we focus our attention on its analysis. The officer in *Klare* testified that he initiated the stop based upon the time of day that he made the observation, the proximity of the parked vehicle to a closed business, and a history of burglaries in the area. *Id*. at 73-75. The court determined that each of these factors, taken individually, will not justify an investigative stop. *Id*. In this regard, the court stated as follows:

> A lawful stop must be based on more than a vehicle's suspicious location or time of day. Although relevant to our analysis, both time of day and the level of criminal activity in the area are facts which focus on the suspect's surroundings rather than on

the suspect himself. Consequently, courts generally require an additional fact or facts particular to the suspect's behavior to justify a suspicion of criminal activity.

*Id*. at 75.

For the reasons stated in the dissenting opinion in *Klare* and the majority opinion in *Tanner*, we disagree with the result reached in *Klare*. *Tanner*, 228 S.W.3d 857-59; *Klare*, 76 S.W.3d at 77-78. We should not focus on each factor observed by the officer on an isolated, piecemeal basis. Instead, we are required to review the totality of the circumstances to assess the reasonable suspicion for an investigative stop. In this regard, Officer Davidson observed appellant's vehicle parked with its lights out in a high-crime area near a business that had been closed for several hours. When viewed together, these factors are "unusual and highly consistent with criminal behavior." *Tanner*, 228 S.W.3d at 858. Furthermore, Officer Davidson possessed the additional fact that the vehicle drove away from its parked position when he drove past it. We conclude that the trial court did not err in determining that Officer Davidson's stop of appellant's vehicle was supported by reasonable suspicion. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


December 17, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4